UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CR-89-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES DANIEL SIMPSON, | ) | |
| Defendant. | ) | |

This matter is before the court *sua sponte*. On April 30, 2014, the court sentenced Simpson to 135 months custody and a life term of supervised release. Although it does not affect Simpson's total supervised release term, the court has discovered an error in the supervised release portion of the sentence. Simpson pled guilty to two offenses: (1) manufacturing and possession with the intent to manufacture 50 grams or more of a mixture containing a detectable amount of methamphetamine and (2) possession and carrying of a firearm in furtherance of a drug trafficking offense. The maximum term of supervised release for count one is life, 21 U.S.C. § 841(b)(1)(B), but for count two the maximum term is five years, 18 U.S.C. § 3583(b). When the court pronounced the sentence, it stated, "upon release from imprisonment, the Defendant shall be placed on supervised release for a term of Life." The court failed to clarify that the life term of supervised release was imposed as to count one and also failed to impose a term of supervised release on count two.

Rule 35(a) of the Federal Rules of Criminal provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Interpreting this language, the Fourth Circuit has held that it

applies to "those cases in which an obvious error or mistake has occurred in the sentence" but it is not intended "to permit the district court simply to change its mind about the appropriateness of the sentence." *United States v. Fraley*, 988 F.2d 4, 7 (4th Cir. 1993) (internal quotation marks omitted).

Here, the court has not changed its mind about the appropriateness of the sentence. Indeed, Simpson's total supervised release term remains unchanged by this modification to the sentence. The court made an "obvious error" when it failed to note that the life term of supervised release related to count one and when it failed to impose a supervised release term for count two. Additionally, because this judgment was imposed on April 30, 2014 and the date of this order is May 13, 2014, the fourteen-day limitation period under Rule 35(a) has not run. Thus, the court has authority under Rule 35(a) to correct the sentence.

The Clerk of Court is therefore DIRECTED to issue an amended judgment under Federal Rule of Criminal Procedure 35. The new supervised release sentence should read "Upon release from imprisonment, the defendant shall be on supervised release for a term of Count 1s - LIFE and Count 2s - 5 years, all such terms to run concurrently." The judgment entered April 30, 2014 is RATIFIED in all other respects.

SO ORDERED.

This the 13th day of May, 2014.

JAMES C. FOX
Senior United States District Judge

2